# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES ex rel
MARCUS FEASTER, AND
MARCUS FEASTER, Individually

       *Plaintiff,*

vs.

       Case No. 13-CV-1453-EFM-KGG

DOPPS CHIROPRATIC CLINIC, LLC
AND JOHN DOPPS,

       *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Marcus Feaster brings this lawsuit against Defendants Dopps Chiropractic Clinic, LLC, and John Dopps.   There are two counts remaining in the case.  The first relates to a violation under the Civil False Claims Act, 31 U.S.C. § 3729, *et seq.* (the "False Claims Act" or "FCA"), and the second relates to retaliation under the FCA, § 1981, Title VII, and the Kansas Act Against Discrimination ("KAAD").

The parties in this almost three-year old case are unable to move past pleading issues. Defendants have presented two motions to dismiss, which were granted in part and denied in part.  Plaintiff is now before the Court with a Motion to Strike or Clarify Defenses (Doc. 46) seeking to strike fourteen of Defendants' twenty "additional and affirmative defenses" stated in

Defendants' Answer to Plaintiff's Second Amended Complaint.  Plaintiff argues that these defenses are insufficient or need to be clarified.  The Court finds that Defendants adequately state the majority of their defenses.  Three defenses, however, will be stricken. A few of Defendants' defenses require clarification in an Amended Answer.

## I.       Factual and Procedural Background

The Court will only set forth a brief background.  Plaintiff Marcus Feaster brings this lawsuit against Defendants Dopps Chiropractic Clinic, LLC ("the Clinic"), and John Dopps ("Dopps").  He claims that while working for Defendants, he observed fraudulent billing practices.  Specifically, Plaintiff asserts that Defendants improperly billed Medicare for unperformed, uncovered, unnecessary, or undocumented treatment.  Plaintiff also asserts that Dopps engaged in disparaging remarks about others' race, sex, religion, and national origin. Plaintiff claims that he confronted Dopps about the improper billing practices and the discriminatory and offensive workplace behavior.  Around July 2013, Plaintiff asserts that Dopps reduced Plaintiff's pay dramatically and constructively discharged him as punishment for speaking up about improper billing practices and discriminatory behavior.

Plaintiff filed a Complaint in late 2013 on his own behalf and on behalf of the United States under the *qui tam* provisions of the FCA.  Plaintiff also asserted a hostile environment claim and a wrongful termination claim on his own behalf.  Plaintiff filed an Amended Complaint in late 2014 after the case was unsealed and the United States declined to intervene.[1]

Defendants then filed a Motion to Dismiss Amended Complaint and for Partial Summary Judgment.  In deciding this motion, the Court noted that the case was early in its inception and

---

[1] The United States remains an interested party and is served all pleadings and orders issued in the case.  In addition, the United States reserved its right to intervene in the action at a later date for good cause.

involved several issues that were fact-intensive and not amenable to a summary judgment ruling. The Court ultimately granted in part and denied in part this motion and dismissed Plaintiff's hostile work environment claim and his retaliation claim under Kansas common law.  The Court allowed Plaintiff's retaliation claims brought under the FCA and § 1981 to proceed.  Finally, the Court directed Plaintiff to file a Second Amended Complaint to potentially rectify some pleading defects with regard to Plaintiff's FCA claim and his retaliation claims brought under Title VII and the KAAD.

After Plaintiff filed his Second Amended Complaint, Defendants again filed a Motion to Dismiss.  Defendants argued for dismissal of all claims.  After reviewing the pleading, this Court allowed Plaintiff's FCA claim and Plaintiff's retaliation claim brought under the FCA, § 1981, Title VII, and KAAD to proceed.  The Court reaffirmed its previous dismissal of Plaintiff's hostile work environment claim.

Defendant then filed its Answer to Plaintiff's Second Amended Complaint.  Plaintiff has now filed a Motion to Strike fourteen of Defendants' twenty defenses and affirmative defenses. In the alternative, Plaintiff requests that the Court order Defendants to provide a more definite statement of the nature of the defenses.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(f) permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The decision of whether to strike material from a pleading is within the discretion of the Court.[2]  It is

---

[2] *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003) ("Although motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.") (quotation marks and citation omitted).

also well-settled that motions to strike are generally disfavored because they are drastic measures and can be used as a dilatory tactic.[3]

The undersigned has previously stated that the *Twombly/Iqbal* heightened pleading standard is applicable to affirmative defenses.[4]  In both stages of pleading—claims for relief and affirmative defenses—the opposing party must be given notice, at a minimum, that there is a plausible basis for the claim or defense.[5]  Conclusory or vague statements generally do not provide adequate notice.

## III.    Analysis

Plaintiff seeks to strike or have Defendants clarify fourteen of their twenty defenses asserted in their Answer to Plaintiff's Second Amended Complaint.  Specifically, Plaintiff takes issue with Defendants' Second, Third, Fifth, Sixth, Seventh, Eighth, Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, and Eighteenth defense.

### A.  *Second and Third Defenses*

In Defendants' second and third defenses, they state that Plaintiff has failed to allege certain elements of the FCA claim.  Plaintiff seeks to strike Defendants' second and third defenses by stating that the Court has already found that Plaintiff sufficiently stated an FCA

---

[3] *See Fed. Deposit Ins. Corp. v. Niver*, 685 F. Supp. 766, 768 (D. Kan. 1987) ("A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").

[4] *See Constr. Indus. Laborers Pension Fund v. Explosive Contractors, Inc.*, 2013 WL 3984371, *2 (D. Kan. Aug. 1, 2013).

[5] *Id.* (citing *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1172 (N.D.Cal. 2010) (asserting that because both forms of pleading—claims for relief and affirmative defenses—are governed by Rule 8, and because the *Twombly/Iqbal* standard is an interpretation of Rule 8, the same pleading standard should apply).

claim and thus Defendants' defenses related to the FCA are insufficient.[6]  The Court notes that these two defenses are in actuality a general "failure to state a claim" defense rather than an affirmative defense.[7]  Thus, a heightened pleading standard would not be applicable.  However, because the Court has already considered Defendants' Motion to Dismiss for failure to state a claim and determined that Plaintiff did state a claim, technically, the defense is no longer valid. Accordingly, the Court strikes these two defenses.[8]

    B.  *Fifth Defense*

Defendants' fifth defense states that Plaintiff "is not the original source of the FCA-related allegations."  Plaintiff argues that Defendants fail to include facts to support this defense because they do not identify whom the original source is that initially provided information about the fraud.  Defendants contend that they cannot provide additional information because Plaintiff's Second Amended Complaint does not specifically identify the claims submitted on behalf of the unnamed patients and thus they do not have all of the information yet.  Defendants also state that the defense should not be stricken because discovery may reveal that Plaintiff is not the original source of the FCA-related allegations.  Thus, they seek to clarify this defense to state that "to the extent it is discovered that [plaintiff] is not the original source of the FCA-related allegations in the Second Amended Complaint, the claims are subject to dismissal or

---

[6] The Court finds it unnecessary to set forth all of Defendants' defenses verbatim.  The parties are aware of the wording of these defenses and of the proposed clarifications.

[7] Defendants fail to specifically categorize their affirmative defenses as such and instead place every defense (twenty of them) in the category of "Additional and Affirmative Defenses."

[8] Defendants proposed adding language to these defenses to sufficiently clarify that they believe that Plaintiff will not have the evidence to support his FCA claim after discovery.  This amendment is not necessary because Defendants can still assert in a summary judgment motion that Plaintiff cannot meet his burden in establishing the essential elements of his claim without providing a specific defense in their Answer.

judgment in Defendants' favor."   The Court finds that Defendants appropriately clarify the defense and will allow the proposed change.

      C.   *Sixth and Seventh Defenses*

      Defendants' sixth defense provides that Plaintiff has "unclean hands, appears to have alleged that he submitted false claims to Medicare using his unique Medicare provider number, and cannot and should not recover as a plaintiff under the FCA nor should be eligible for FCA penalties."   Defendants' seventh defense asserts that to the extent that there is recovery by the United States, Plaintiff's share should be reduced under the FCA because he prepared the medical records and directed the submission of these claims.   Defendants' seventh defense seems similar to the last portion of their sixth defense.

      Plaintiff complains that Defendants do not provide enough specificity with regard to the false claims because Defendants do not state what allegedly false claims were submitted by Plaintiff or how that relates to liability.   Plaintiff has been put on adequate notice of Defendants' defense of unclean hands.   The Court recognizes that Plaintiff provides some detail, with patient initials and some representative examples, in the Second Amended Complaint,[9] but the Second Amended Complaint lacks patient names and descriptions of *each* allegedly fraudulent claim. And Plaintiff alleges that the submission of false claims occurred over a period of approximately fifteen months.   Presumably, Plaintiff did not include every allegedly false claim in the Second Amended Complaint.

      As the Court views Defendants' defense of unclean hands, it will be tailored to the specific false claims that ultimately end up at issue in this case.   That determination will

---

[9] The Court also recognizes that it required Plaintiff to plead the FCA claims with more specificity in a previous order in this case.

necessarily follow discovery and the submission of evidence.   Thus, the Court finds that Defendants' defense provides sufficient detail and notice to Plaintiff of their unclean hands defense.

Plaintiff additionally asserts that unclean hands is not a defense under the FCA and thus is unavailable as a matter of law and should be struck.  Plaintiff cites to no binding authority to support such a proposition.  Indeed, 31 U.S.C. § 3730(d)(3) provides that a court *may* reduce the share of the proceeds if the action is brought by a participant of the underlying wrong, taking into account the individual's role in the litigation and in the circumstances relating to the violation.[10] At this point, these facts are not before the Court because the case remains at the pleading stage. There is no harm in allowing the defenses to remain in the Answer until after discovery is completed to see if the defenses are truly viable.  Accordingly, the Court will not strike Defendants' sixth or seventh defenses.

### D.  *Eighth Defense*

Defendants assert that Plaintiff lacks standing to assert claims under the FCA, recover FCA penalties, and does not have standing to seek penalties to vindicate public rights.  Plaintiff argues that this defense fails as a matter of law because he does have standing.  The Court agrees.  Both the United States Supreme Court and the Tenth Circuit have explicitly held that a *qui tam* relator (Plaintiff in this case) has Article III standing to bring a case.[11]  Accordingly, the Court strikes Defendants' eighth defense.

### E.  *Tenth Defense*

---

[10] This statute appears to be relating to the *amount* of liability and is not a complete bar to recovery.

[11] *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778 (2000) (stating "it leaves no room for doubt that a *qui tam* relator under the FCA has Article III standing."); *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 804 (10th Cir. 2002).

In Defendants' tenth defense, they contend that to the extent any Medicare benefits were overpaid to Defendant Dopps, any damages should be offset for the value of goods provided. Plaintiff asserts that this defense is lacking in facts, conclusory, and should be stricken. As Defendants point out, however, the specific facts as to patient names, dates of service, and the identity of Medicare claims was not pled in the complaint and they can accordingly not provide detailed information or further information as to which claims they believe can be offset. Defendants' defense provides sufficient notice to Plaintiff to put him on notice.[12]  Again, there is no harm in allowing the defense to remain until after discovery is completed.  Thus, the Court will not strike Defendants' tenth defense.

F. *Twelfth Defense*

Defendants state in their twelfth defense that they are not proper parties in whole or in part.  Plaintiff contends that Defendants fail to state facts to support this defense and it is conclusory.   As previously noted, this case has already undergone two rounds of motions to dismiss.  In Defendants' first Motion to Dismiss and Partial Summary Judgment, they asserted that neither Defendant in the case employed Plaintiff and that they were entitled to summary judgment because they were improper defendants.  The Court denied this aspect of the motion noting that the resolution of the issue was fact-intensive and the evidence before the Court was minimal.   The Court then noted that following discovery, Defendants could challenge the existence of an employer-employee relationship and thus the appropriateness of Defendants in

---

[12] Plaintiff also argues that the matter has been on file for over a year which has given Defendants plenty of opportunity to conduct an audit to determine if Medicare benefits were actually overpaid. It is unclear to the Court what information has been exchanged between the parties. Although the Second Amended Complaint has been on file since December 2015, no discovery occurred until *after* Defendants' Answer and Plaintiff's Motion to Strike were already on file. The initial scheduling conference was only held on September 6, 2016, which set forth that initial disclosures must occur by mid-September and discovery should be completed by June 2017.  Accordingly, it does not appear that Defendants have the detailed information that Plaintiff presumes Defendants have.

the suit regarding Plaintiff's Count II.  Plaintiff filed a Second Amended Complaint and Defendants filed another Motion to Dismiss seeking dismissal on the basis that an employment relationship did not exist between Plaintiff and Defendants.  The Court found that the allegations and facts in the Second Amended Complaint plausibly suggested that Defendants may be subject to liability.  Thus, the Court denied Defendants' Motion to Dismiss on this basis.

After discovery and the submission of all of the evidence by the parties, the evidence may well be insufficient to establish an employer relationship for purposes of an employment related claim.  Just as the Court allowed Plaintiff's claim to go forward, the Court will allow Defendants' defense that an employer-employee relationship does not exist and that they are not proper parties to the suit to proceed.  Accordingly, Defendants' twelfth defense is appropriate, and the Court will not strike it.

G. *Thirteenth Defense*

Defendants' thirteenth defense asserts that Plaintiff's employment-related claims are barred in part or in whole for his failure to exhaust his administrative remedies or by the applicable statute of limitations.  Plaintiff contends that Defendants' defense is conclusory and fails to include supporting facts.  A statute of limitations defense is an affirmative one and thus must be plead with supporting facts.[13]

In response to Plaintiff's motion, Defendants state the underlying ultimate facts for the failure to exhaust administrative remedies and statute of limitations defense.[14]  Defendants

---

[13] *See Explosive Contractors, Inc.*, 2013 WL 3984371, at *2; *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 651 (D. Kan. 2009) (noting that the statute of limitations is an affirmative defense and reference to dates or a time period is necessary in pleading it).

[14] *See Hayne*, 263 F.R.D. at 651 ("The Court does not suggest that heightened pleading requires the assertion of evidentiary facts. A minimal statement of only ultimate facts should suffice.").

should include these facts in an Amended Answer.  Accordingly, the Court will not strike the defense but instructs Defendants to amend their Answer with regard to their thirteenth defense.

### H.  *Fourteenth Defense*

In Defendants' fourteenth defense, they contend that Plaintiff lacks standing for purposes of his employment claims.  Plaintiff asserts that Defendants do not assert any facts to support this defense.  In Defendants' response, they reason that Plaintiff lacks standing because he cannot assert a retaliation claim based, in part, on racist or sexist comments made by Defendants to others.  These arguments present legal issues that are best resolved at a later date.[15]  Accordingly, the Court finds that Plaintiff has appropriate notice of Defendants' defense, and there is no harm in allowing it to remain until after discovery.  Thus, the Court will not strike Defendants' fourteenth defense.[16]

### I.  *Fifteenth Defense*

Defendants assert in their fifteenth defense that they made good faith efforts to comply with Title VII and thus cannot be held liable for punitive damages as their fifteenth defense.  Plaintiff again argues that the defense is conclusory and does not state sufficient facts to determine what their good faith efforts were.  Defendants' response addresses the issue of standing again and fails to even mention "good faith" efforts to comply with Title VII.  Nevertheless, the resolution of this issue relates to damages and factual issues that should be explored during discovery.  Thus, the Court will not strike Defendants' fifteenth defense.

---

[15] This defense appears to be more akin to arguing that Plaintiff will not be able to meet his burden in establishing the elements of a retaliation claim.  Thus, the defense would not necessarily need to be pled.  In any event, the Court will allow the defense to remain in the Answer.

[16] The Court also notes Defendants and Plaintiff spend time discussing Plaintiff's hostile work environment claim with regard to this defense. This claim has been dismissed—twice. The Court is unclear why the parties continue to discuss this claim.

J.  *Sixteenth Defense*

In Defendants' sixteenth defense, they contend that Plaintiff is barred from recovering damages to the extent he engaged in a dischargeable offense that had not been previously discovered by Defendants.  Plaintiff complains that the defense is conclusory and Defendants do not identify the dischargeable offense that has not been discovered.  By its very name, the defense states that, as of the time of the Answer, the offense *has not been discovered*.  Thus, there are no facts to include.[17]  Plaintiff's motion to strike this defense is denied.

K.  *Seventeenth and Eighteenth Defenses*

Defendants' seventeenth and eighteenth defenses relate to the amount of damages and what efforts Plaintiff has made to mitigate those damages, such as his attempt to obtain subsequent employment after his employment ended with Defendant.  Plaintiff believes that this defense is conclusory and Defendants should be required to set forth facts demonstrating what efforts Plaintiff should have taken.

These defenses relate to evidence that will be provided in discovery and the totality of the damages recoverable by Plaintiff.  If Plaintiff is unclear as to the meaning of the defenses, he can certainly ask for clarification during discovery.  Accordingly, the Court will not strike Defendants' seventeenth and eighteenth defenses.

In sum, the Court grants in part and denies in part Plaintiff's Motion to Strike.  The Court strikes Defendants' second, third, and eighth defenses.  The Court does not strike Defendants' sixth, seventh, tenth, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth

---

[17] After-acquired evidence will not relieve an employer of liability for wrongdoing under Title VII, but it can limit the amount or type of damages a plaintiff can receive. *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360-63 (1995).

defenses.  The Court will allow Defendants to amend their fifth defense with the language suggested in their response in an Amended Answer.  As to Defendants' thirteenth defense, the Court instructs Defendants to amend it to include the supporting ultimate facts as stated in their response to Plaintiff's Motion to Strike. Defendants are directed to file an Amended Answer within seven days of this Order.

Finally, the Court points out that Fed. R. Civ. P. 1 provides that the rules governing civil actions "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  The Court encourages the parties in this almost three-year old case to move past the pleading stage and to engage in the discovery process to obtain the evidence required to support their alleged claims and/or defenses.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike or Clarify Defenses (Doc. 46) is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

Dated this 1st day of November, 2016.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

-12-