## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES *EX REL*      )
MARCUS FEASTER, and        )
MARCUS FEASTER, Individually,   )
                           )
        Plaintiffs,      )
                           )
v.                         )     Case No.13-1453-EFM-KGG
                           )
DOPPS CHIROPRACTIC CLINIC, LLC   )
and JOHN DOPPS,            )
                           )
        Defendants,      )
_____ )

### ORDER ON DEFENDANT'S MOTION TO COMPEL

Now before the Court is the Motion to Compel filed by Defendant Dopps Chiropractic Clinic, LLC ("Defendant"). (Doc. 96.) For the reasons set forth below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This lawsuit contains causes of action for employment discrimination and violations of the Federal False Claims Act. (*See generally* Doc. 32.) Plaintiff Feaster alleges that Defendants committed Medicare fraud. He also contends that Defendants constructively discharged him from his employment in violation of federal law. The present motion relates to Plaintiffs' objections to Defendant's discovery request regarding Plaintiff's deleted social media postings.

## DISCUSSION

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the
> importance of the issues at state in the action, the amount in
> controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely
> benefit.  Information within this scope of discovery need
> not be admissible in evidence to be discoverable.

As such, the requested information must be both nonprivileged and relevant to be

discoverable.  Within this framework, the Court will review the contested

discovery response.

Defendant's Interrogatory No. 10 asks Plaintiffs to "identify and describe

each . . . social media post . . . you have deleted, altered, or removed, or caused to

be deleted, altered or removed since July 8, 2013."  (Doc. 96, at 4.)  Plaintiffs

object that the request is vague, overly broad, violates Plaintiff Feaster's privacy

interests, and is not reasonably calculated to lead to the discovery of admissible

evidence.[1]  (*Id.*)  Plaintiff also objects that request is not proportional to the needs

---

[1]  The Court notes that the "reasonably calculated" standard is no longer part of the
appropriate Rule 26(b) analysis.  Rather the test to be applied is whether the information
is relevant to any party's claims or defense and is proportional to the needs of the case.
*See* 2015 Amendment to Fed.R.Civ.P. 26(b).

2

of the case.  (*Id*., at 5.)

Defendant contends that the request has been reasonably limited temporally as it "seeks only information and documents from July 8, 2013 (the day Feaster resigned from John Dopps Chiropractor, P.A.) to the present."  (*Id*.)  Defendant further contends the request is limited in scope as it asks only for social media posts Feaster "deleted, altered, or removed since that date."  (*Id*.)

Plaintiff responds that he has already produced every post and message referencing his work" with Defendant "as well as his entire professional Facebook page."  (Doc. 100, at 5.)  According to Plaintiff, the documents requested are not relevant and Defendant is requesting a "general rummaging" through his deleted postings.  (*Id*.)  Plaintiff continues that "[d]iscovery of social media must be limited to discrete issues related to suit."  (*Id*.)

***Smith v. Hillshire Brands*** is a recent decision from this District discussing limitations on the discovery of social media.  No. 13-2605-CM, 2014 WL 2804188, at *4-5 (D. Kan. June 20, 2014).  The ***Smith*** court noted that while "[i]nformation on social networking sites is not entitled to special protection," discovery requests seeking this information should be tailored so as not to constitute "the proverbial fishing expedition in the hope that there might be something of relevance" in the respondent's social media presence.  *Id*.

3

The **Smith** court relied on the out-of-district decision of ***Ogden v. All–Star Career School***, which held that "Defendant is no more entitled to such unfettered access to plaintiff's . . . social networking communications than it is to rummage through the desk drawers and closets in plaintiff's home." *Id*. (citing ***Ogden***, No. 13-406 2014 WL 1646934, at *4 (W.D. Pa. April 23, 2014)).  Similarly, allowing Defendant in the present case to have unfettered access to all of Plaintiff's deleted and altered social networking postings would be akin to allowing Defendant unfettered access to rummage through Plaintiff's garbage.

That is not to say, however, that all discarded social media postings are undiscoverable.  To the extent Plaintiff mentioned Defendants or his employment with them in any such discarded or altered social media postings, the same are both relevant and discoverable.  Given the severity of the allegations contained in Plaintiff's Second Amended Complaint, this information is also proportional to the needs of this case.  Plaintiff is, therefore, instructed to review any and all deleted, altered, or removed social media postings from July 8, 2013, and produce any and all that in any way reference Defendants or Plaintiff's employment with Defendants.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel

4

(Doc. 96) is **GRANTED in part** and **DENIED in part** as more fully set forth above.  Plaintiff shall serve his supplemental responses on or before **April 13, 2017**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of March, 2017.

 s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge