## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES ex rel
MARCUS FEASTER, AND
MARCUS FEASTER, Individually

     *Plaintiff,*

  vs.

DOPPS CHIROPRATIC CLINIC, LLC
AND JOHN DOPPS,

     *Defendants.*

Case No. 13-CV-1453-EFM-KGG

## MEMORANDUM AND ORDER

Plaintiff Marcus Feaster ("Relator"), on behalf of himself and the United States, brings this lawsuit against Defendants Dopps Chiropractic Clinic, LLC ("Dopps, LLC") and Dr. John Dopps. There are two claims remaining in the case: (1) an alleged violation under the Civil False Claims Act, 31 U.S.C. § 3729, *et seq.* (the "False Claims Act" or "FCA"), and (2) retaliation under the FCA, § 1981, Title VII, and the Kansas Act Against Discrimination ("KAAD"). Defendant Dopps, LLC now brings a Motion for Rule 37 Sanctions for Relator's Failure to Comply with the

Scheduling Order and Rule 26 (Doc. 119).[1]  For the reasons described below, the Court grants in part and denies in part the motion.

## I.    Factual and Procedural Background

In this case, Relator contends that Defendants committed Medicare fraud (his FCA claim) and retaliated against him by constructively discharging him.  Defendants and Relator went through several rounds of briefing as to whether Relator adequately alleged the FCA claim with specificity.  In Relator's Third Amended Complaint,[2] he attached an exhibit list identifying 109 patients (by initials), dates of office visits, and categories of schemes applicable to those patients.  Counsel for Defendants asked Relator's counsel to provide the names of the patients on different occasions.

A Scheduling Order was entered in this case on September 6, 2016.  The Order required the exchange of initial disclosures consistent with Rule 26(a)(1) by September 16, 2016.  It also provided that supplemental disclosures must be served 40 days before the deadline for the completion of all discovery.  The Scheduling Order stated that the supplemental disclosures must identify all witnesses and exhibits that probably or might be used at trial and that anything not included in the final disclosures, and not previously appearing, would be subject to exclusion pursuant to Fed. R. Civ. P. 37(c)(1).

Deadlines in the Scheduling Order included: (1) all fact discovery commenced or served in time to be completed by April 14, 2017, (2) all discovery in the case commenced or served in

---

[1] In Defendants' Joint Motion for an Extension of Time to Submit Motions for Summary Judgment, Defendant Dr. Dopps states that he joins in and supports Dopps, LLC's Rule 37 motion. The Court notes that Dr. Dopps is one of the three members of Dopps, LLC.

[2] Plaintiff filed his Third Amended Complaint on December 2, 2016.

time to be completed by June 14, 2017, and (3) an expert disclosure deadline for Relator by May 5, 2017. Relator served his initial Rule 26(a) disclosures on September 16, 2016.[3] He supplemented his responses several times over the next couple of months. With regard to Relator's answers to Defendants' requests for production, Relator generally stated that he did not possess documents relating to the FCA claim as those documents were maintained by Defendants or other third parties. Relator also stated that he was not withholding any documents evidencing his claims and that he only intended to introduce documents obtained during discovery. Relator did not request any extension of discovery deadlines.

On July 6, 2017, Relator provided Defendants' counsel with his original contentions for the Final Pretrial Order. The next day, Defendants' counsel objected to the vague and conclusory nature of the contentions that Relator intended to include. They requested that Relator identify the details of the Medicare claims allegedly presented to the government for payment or the false record or statement for each alleged false claim. The Court held a conference with the parties on July 14, 2017, and the Court allowed Relator until July 31, 2017, to revise his contentions to address Defendants' counsel's concern.

On July 31, 2017, Relator's counsel provided his revised contentions. He included a spreadsheet (or table) with 157 pages of patient data for 164 patients, identified by name, and information categorized as claim charges, service dates, CPT codes, service line charges, and dates submitted to Medicare. When counsel for Dr. Dopps inquired on August 4, 2017, where the 157 pages of patient data came from, Relator's counsel stated that the information was aggregated from

---

[3] The Court notes that this disclosure occurred approximately three months before Relator filed the operative Third Amended Complaint.

documents produced by Dr. Dopps[4] and Infinedi, LLC ("Infinedi")[5] in response to Relator's subpoena.

On September 13, 2017, Relator's counsel sent Defendants' counsel an email containing a link with access to the Infinedi records. Until September 13, Relator's counsel never provided Dopps, LLC with any documents or information that Relator received from Infinedi, whether in supplementation to his responses to the requests for production, in supplemental Rule 26 disclosures, or in an exhibit list. On September 14, counsel for Dopps, LLC sent an email back to Relator questioning the Infinedi link and whether Relator intended to use the records he had just sent. Relator's counsel never responded to this email.

Approximately one month later, on October 20, 2017, Defendant Dopps, LLC filed this Motion for Sanctions. Defendant contends that Relator has not provided any patient records or Medicare claim documents and has not identified, in an exhibit list, disclosure, or supplemental disclosure such documents that he intends to use as exhibits at trial. Defendant requests that the Court sanction Relator by precluding him (1) from using any documents in pleadings, hearings or at trial which were not previously identified or produced by him prior to the close of discovery, (2) from calling any witnesses at trial who were not identified in his initial disclosures or witness lists, and (3) from attempting to present any expert opinion testimony. Defendant also requests attorney's fees for making this motion.

## II.    Analysis

---

[4] Dopps, LLC produced no billing histories throughout discovery as it does not provide billing and had no records.

[5] Infinedi is a third-party that Defendant Dr. Dopps contracts with to submit bills to Medicare.

Defendant seeks to prohibit Relator from presenting evidence in three different categories: (1) documents, (2) witnesses, and (3) expert testimony. The Court will first address Defendant's second and third request. Defendant argues that Relator should be precluded from calling any witnesses not previously identified in his disclosures and from presenting any expert opinion testimony. Relator affirmatively states that he does not intend to call any of the patients listed in the documents as witnesses. In addition, Relator affirmatively states that he does not intend to offer expert testimony. Thus, there is no need to enter a sanction precluding this evidence.[6]

The main disagreement between the parties is Defendant's request to preclude Relator from using any documents in pleadings, hearings, or at trial which were not previously identified or disclosed by him prior to the close of discovery. Federal Rule of Civil Procedure 26(a)(1)(A)(ii) provides that a party must initially provide the other parties with a copy (or description) of all documents (electronic or otherwise) "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses" unless the document would only be used for impeachment. Pursuant to Fed. R. Civ. P. 26(e)(1)(A), a party who has made a disclosure or responded to an interrogatory or request for production "must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Under Fed. R. Civ. P. 37(c), a party's failure to disclose or supplement an earlier response may warrant a sanction. Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to provide

---

[6] Should Relator attempt to introduce expert testimony or call any witnesses not previously identified, the Court will revisit the issue and would likely impose a sanction prohibiting Relator from introducing such evidence.

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In addition, Rule 37(b)(2)(A)(ii) states that if a party fails to obey an order to provide or permit discovery that the Court may prohibit the disobedient party "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

It is within the Court's discretion to decide whether the party's violation is justified or harmless.[7] The Court does not have to make explicit findings on the justification or harmlessness, but it should be guided by four factors.[8] These factors include: "1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness."[9] It is the erring party's burden to demonstrate substantial justification or lack of harm.[10]

In this case, Defendant Dopps, LLC states that Relator did not initially disclose or supplement its requests for production as to the documents Relator intends to rely upon for his FCA claims. On July 31, 2017 (after the close of discovery), Relator provided a spreadsheet with 157 pages of patient data for 164 patients with allegedly false Medicare claims.[11] With regard to where Relator obtained this information (the supporting documents), he states that it comes from

---

[7] *Herington v. City of Wichita*, 2016 WL 4565768, at *2 (D. Kan. 2016).

[8] *Estate of McDermed v. Ford Motor Co.*, 2016 WL 1298096, at *3 (D. Kan. 2016).

[9] *Id.* (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[10] *Id.* (citations omitted).

[11] Relator only provided this information after Defendants objected to Relator's vague contentions in the proposed Pretrial Order, and the Court held a conference with the parties and allowed Relator to revise his contentions by July 31, 2017.

two different sources.  Relator states that some of the information comes from Dr. Dopps' production of documents throughout discovery and some of the information comes from Infinedi. Regardless of the source of the information, it is undisputed that Relator never disclosed, prior to the close of discovery to Defendant Dopps, LLC, that he intended to rely up on these documents for his FCA claim.

The Court will first address Relator's reliance on documents produced by Defendant Dr. Dopps during discovery.  Although Defendant Dopps, LLC states that Relator failed to initially disclose these documents, Relator could not have provided an initial disclosure that it was going to rely upon these documents because they did not originate from Relator but instead came from Dr. Dopps.  During discovery, Dr. Dopps' documents were apparently provided to all parties, including Dopps, LLC.  Technically, Relator should have supplemented his responses to Defendant Dopps, LLC's request for production.  Relator did, however, state in his responses that he intended to rely upon documents produced during discovery.

The Court recognizes that Defendant Dopps, LLC is a separate defendant from Dr. Dopps. However, all parties had access to, and indeed had, the billing records of Dr. Dopps for quite some time prior to the close of discovery.  Indeed, Dopps, LLC's counsel states that it understood that Dr. Dopps produced responsive documents in September or October 2016—six months before the close of fact discovery.  These documents are not a surprise.   Nor will Defendant be prejudiced by Relator's reliance on documents it had in its possession for months.  Furthermore, it does not appear that Relator acted willfully or in bad faith in not supplementing his disclosures with regard to the documents produced by Dr. Dopps.  Instead, it appears that Relator believed that both Defendants had the documents in their possession.  Accordingly, the Court will not preclude Relator's reliance on these documents.

With regard to the Infinedi documents, however, Relator inexplicably states that he timely disclosed these records.[12]  The evidence contradicts his assertion.  Timely disclosure would have occurred during the discovery period.  Discovery closed on June 14, 2017, but Relator only informed Defendants' counsel that he had the Infinedi documents in early August.[13]  Over a month later, on September 13, 2017, Relator sent Dopps, LLC's counsel a link to those documents.  Prior to that date, Relator had never disclosed or identified documents provided by Infinedi as documents that he intended to rely upon.

Relator asserts that he was justified in not disclosing these documents because he only received them in early July.  The Court will set forth the relevant timeline.  Although Relator apparently served Infinedi with a subpoena for documents in November 2016, Infinedi did not respond.  One of Relator's counsel withdrew in December 2016, and another attorney, Marty Jackson, entered his appearance in January 2017.  Relator states in his brief that after it came to Mr. Jackson's attention that Infinedi had not responded to the subpoena, Infinedi ultimately responded on July 7, 2017.[14]

There are numerous issues with the timing of Relator's disclosure.  First, Mr. Jackson does not provide an affidavit as to the exact timing of his discovery of this oversight.  Second, the subpoena was served in November, and discovery was scheduled to close a few months after Mr. Jackson's appearance.  It is the duty of counsel to understand their discovery obligations (and

---

[12] The Court recognizes that Relator could not initially disclose these records as well.  The Court also recognizes that Relator cannot supplement his disclosures if he does not have the documents.  As will be noted above, however, Relator was dilatory in obtaining this information.

[13] This disclosure occurred after Relator had already prepared a spreadsheet in July using information from those documents and counsel questioned Relator where he obtained his information.

[14] Presumably, Mr. Jackson followed up with Infinedi prior to that date, but Mr. Jackson does not provide any additional details.

whether there are responsive documents to an issued subpoena to support a claim) *before* discovery closes.[15]  Finally, the Court notes that Mr. Jackson has co-counsel and co-counsel has been entered in the case from this case's inception.

In addition, even though counsel apparently received these documents on July 7, 2017, Relator's counsel still did not disclose or provide the documents to Defendants for an additional two months.  On September 13, 2017, Relator's counsel sent an email to Defendant's counsel attaching the documents.  When Defendant's counsel inquired on September 14, 2017, whether Relator intended to use the documents as evidence to support his claims, Relator's counsel never responded to that email.  The first time Relator affirmatively stated that he intended to rely upon these documents was on October 30, 2017—in response to Defendant Dopps, LLC's motion for sanctions.[16]

"The mandatory initial and supplemental disclosure requirements of Rule 26 are intended to provide sufficient detail and clarity to permit each party to make informed decisions about the discovery necessary to address specific claims directed against that party, and to prepare for trial."[17]  In this case, Relator failed to take his discovery obligations seriously.  Relator's delay in

---

[15] Counsel could have asked for an extension of time for discovery.

[16] The Court notes that D. Kan. Rule 37.2 imposes a duty to confer regarding discovery disputes prior to filing a motion to resolve that dispute.  Specifically, the rule states that "[t]he court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 … unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." The party must certify and describe with particularity the efforts it undertook to resolve the matter prior to filing the motion. *Id.*  Here, it does not appear that this effort was undertaken.  The Court recognizes that Relator did not respond to Defendant Dopps, LLC's email inquiring whether Relator intended to rely on the documents.  However, it does not appear that Defendant attempted to confer with Relator before filing this motion.  Although the Court could decline to hear this matter based on that failure, in the interest of judicial economy, the Court will consider the merits of the motion because this motion was filed over six months ago and the case has been ongoing for over four years.

[17] *McDermed*, 2016 WL 1298096, at *3 (citation and quotation marks omitted).

providing documents (and documents that support one of his claims) has prejudiced Defendant because Defendant could not adequately prepare and defend against all of the claims. Defendant made decisions throughout discovery without the benefit of Relator's documents.

Relator asserts that his failure to disclose was harmless and the prejudice is cured because Defendant now has ample time to review the documents and the Court has extended deadlines. Relator fails to understand that the deadlines in the case have been extended because of Relator's dilatory conduct. Due to Relator's failure to disclose, the case has been extended by another six months, and it has already been ongoing for over four years. Thus, the Court finds that Relator's delay was not substantially justified nor was it harmless. Accordingly, the Court will not allow Relator to use the Infinedi documents or use exhibits that contain information obtained from those Infinedi documents.[18]

With regard to Defendant's request for attorney's fees in bringing this motion, the Court denies the request. The Court has granted a portion of Defendant's motion, but not all. As noted above, Defendant also did not confer with Relator prior to bringing the motion. Had Defendant consulted and conferred with Relator, the issues may have been narrowed down. Thus, the Court denies Defendant's request for attorney's fees.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sanctions (Doc. 119) is hereby **DENIED IN PART** and **GRANTED IN PART**.

**IT IS SO ORDERED**.

---

[18] Relator's spreadsheet is apparently an aggregate of information from two sources—documents from Dr. Dopps and Infinedi. Because the Court will not allow Relator to use information from the Infinedi documents, Relator will need to revise his spreadsheet to take out the information that comes from Infinedi documents.

Dated this 25th day of April, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE